IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISON

BRYCE MARL,                                          :
                                                     :
                          Plaintiff,                 :
                                                     :          Civil Action No.: 2:23cv171
v.                                                   :
                                                     :
KEN STOLLE, et al.,                                  :
                                                     :
                          Defendants.                :

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT STOLLE'S MOTION TO DISMISS**

Defendant, Sheriff Ken Stolle, by counsel, hereby submits this Memorandum of Law in

Support of his Motion to Dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

In this action, plaintiff seeks to impose liability on Sheriff Stolle under § 1983, based on a

claim of deliberate indifference related to medical care, and under Virginia tort law based on

principles of negligence.  Assuming for argument's sake that plaintiff's claims are not barred by

the applicable statutes of limitation, plaintiff fails to state a claim upon which relief may be granted

against Sheriff Stolle for an alleged constitutional violation under the Eighth or Fourteenth

Amendment or under Virginia law.  As addressed below, plaintiff fails to allege Sheriff Stolle's

personal involvement as required by *Vinnedge v. Gibbs*, thus defeating his federal claim, and the

Virginia Medical Malpractice Act does not allow for a medical negligence claim against Sheriff

Stolle, thus defeating his tort claims.  Moreover, vicarious liability cannot be imposed in this

circumstance under either federal or state law.

## I.  FACTUAL BACKGROUND

Plaintiff alleges that on August 7, 2020, he was injured in a car accident.  (Dkt. 1, ¶ 13).

Among other injuries, he alleges that he suffered, and continues to suffer, severe pain in his

shoulder blade, and lower and upper back. (Dkt. 1, ¶¶ 14-18). Plaintiff contends that since the accident, he requested medical attention and assistance for his back pain, but neither "Defendant Jamaludeen, the VBCC, nor its staff, have done anything to assist Mr. Marl with his pain or medical condition." (Dkt. 1, ¶¶ 19-20). Plaintiff alleges that when he "expressed his pain and issues" to Dr. Jamaludeen, that his response "is to ask Mr. Marl when he is leaving and to simply say that x-rays show no damage, so Mr. Marl should be fine." (Dkt. 1, ¶ 21). Plaintiff also alleges that he has been denied an MRI, consultation with a back specialist, sufficient pain medication, physical therapy, a back brace, soft mat, or special chair. (Dkt. 1, ¶¶ 22-24, 29, 31-32).

## II.    ARGUMENT

### A.    Standard of Review

Sheriff Stolle seeks dismissal of plaintiff's state and federal claims pursuant to Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal, 556 U.S. 662* (2009); *Adcock v. Freightliner LLC,* 550 F.3d 369, 374 (4th Cir. 2008). However, legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b) (6) purposes. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255-256 (4th Cir. 2009) (relying on *Iqbal* and *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007))*. Nor should the court consider "unwarranted inferences, unreasonable conclusions, or arguments." *Id*. (quoting *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n. 26 (4th Cir.2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (internal citations omitted). "Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Relying on *Iqbal* and *Twombly,* the Fourth Circuit has stated that a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" The "complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" *Nemet Chevrolet, 591 F.3d at 256* (citations omitted)*.* Thus, the complaint must plead sufficient facts to allow a court, drawing on "'judicial experience and common sense,' to infer "'more than the mere possibility of misconduct.'" *Id.*

**B.    Plaintiff's Claims are Limited by the Applicable Statutes of Limitation**

Plaintiff filed this action on April 24, 2023. (Dkt. 1). In his Complaint, he alleges that since his August 7, 2020, accident, his back and shoulder blade pain has been untreated. The only date of alleged unconstitutional or tortious conduct set forth is August 2021, when he contends that he expressed to defendant Dr. Jamaludeen that his pain was increasing, and Dr. Jamaludeen's response was to remove half of his pain medication. (Dkt. 1, ¶ 23). Plaintiff also alleges that he submitted a grievance on August 3, 2021. (Dkt. 1, ¶ 26).

**1.    Plaintiff's Federal Claim is Limited by the Two-Year Statue of Limitations**

Plaintiff's constitutional claim alleging deliberate indifference and brought pursuant to § 1983, is limited by the applicable two-year statute of limitations. Because § 1983 does not provide its own statute of limitations, courts borrow the personal injury statute of limitations from the relevant state. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995);

*Demuren v. Old Dominion Univ.*, 33 F. Supp. 2d 469, 476 (E.D.Va. 1999).  Virginia applies a two-year statute of limitations to personal injury claims.  *See* Va. Code § 8.01-243(A) ("[E]very action for personal injuries, whatever the theory of recovery, … shall be brought within two years after the cause of action accrues.").

Plaintiff was therefore required to bring any § 1983 claim within two years of its accrual. A claim accrues when the plaintiff becomes aware of his or her injury or is put on notice to make a reasonable inquiry if a claim exists.  *See United States v. Kubrick*, 444 U.S. 11, 123 (1979); *Nasim*, 64 F.3d at 995.  Thus, any claim related to alleged unconstitutional conduct arising prior to April 24, 2021 – from August 7, 2020, through April 23, 2021 – is time-barred.

### 2.  Plaintiff's State Claims are Limited by the One-year Statute of Limitations

Plaintiff's state claims are subject to a one-year statute of limitations.  Virginia requires an inmate confined in a state or local correctional facility to bring a personal action relating to the conditions of his confinement within a year after the cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later.  Va. Code §8.01-243.2. *See Bing v. Haywood*, 283 Va. 381, 385, 722 S.E.2d 244, 246 (2012); *Billups v Carter*, 268 Va. 701, 604 S.E.2d 414 (2004).  The Virginia Supreme Court has held that this limitation period applies even if a "plaintiff is no longer incarcerated at the time she files her action relating to conditions of her confinement." *Lucas v. Woody*, 287 Va. 354, 361, 756 S.E.2d 447, 450 (2014).[1]

Based on the Virginia Supreme Court's decisions, federal courts in this Circuit have consistently dismissed inmate personal injury actions as time-barred under § 8.01-243.2.  For instance, in *Gemaehlich v. Johnson*, No. 7:12cv00263, 2013 U.S. Dist. LEXIS 20147 (W.D.Va.

---

[1] Plaintiff was released from the Virginia Beach Correctional Center to the Virginia Dept. of Corrections' Green Rock facility on March 10, 2022.

Nov. 21, 2013), aff'd, 599 Fed. Appx. 473 (4th Cir. 2014) (unpublished) (per curiam), the plaintiff, a former pretrial detainee, raised state law assault and battery claims along with his federal claims arising from a use of force incident.  The district court dismissed the state law claims brought almost seven months after § 8.01-243.2's one-year limitations period as time-barred. The Fourth Circuit affirmed. Likewise, in *Harris v. Commonwealth*, No. 3:07CV701, 2008 U.S. Dist. LEXIS 33834 (E.D.Va. Apr. 23, 2008), this Court dismissed state law claims brought by a pretrial detainee arising from an altercation with guards for assault and battery, grossly negligent hiring and retention, and gross negligence.  Where the plaintiff filed his complaint several months after the one-year limitations period ran, his state law claims were held time-barred under § 8.01-243.2. *See also Cashion v. Jacklee*, No. 5:17-CV-00004, 2017 U.S. Dist. LEXIS 185749 (W.D.Va. Nov. 8, 2017) (dismissing state law claim related to regional jail's refusal to provide antipsychotic medication brought one and one-half months late); *Rivera v. D.O.C. Health Serv. Dir.*, No. 7:15CV00205, 2016 U.S. Dist. LEXIS 128564 (W.D.Va. Sept. 21, 2016) (dismissing state law claims of negligence, intentional infliction of emotional distress, and abuse of process related

Thus, any claims of alleged tortious conduct arising prior to April 24, 2022, are time-barred.  Plaintiff was transferred from the Virginia Beach Correctional Center to the Virginia Dept. of Corrections' Green Rock facility on March 10, 2022, therefore, his state tort claims are untimely.  He did not file them within one-year after the alleged causes of action accrued – from August 2020 through March 10, 2022.

### C.    Plaintiff's Constitutional Claim against Sheriff Stolle Fails as a Matter of Law

In Count I, plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.[2]  Plaintiff sues Sheriff Stolle in his individual

---

[2] On August 9, 2021, plaintiff was convicted and sentenced to 11 years on a charge of DUI Involuntary Manslaughter.

capacity and on a theory of direct liability. (Dkt. 1, ¶ 9). As detailed above, plaintiff's claim of deliberate indifference is based on his alleged failure to receive adequate medical care. Plaintiff fails to allege any facts that suggest that Sheriff Stolle acted personally in the deprivation of plaintiff's constitutional rights.

Liability under § 1983 is personal in nature. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691-95 (1978). "Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Ci4. 1977). Nowhere does plaintiff allege that Sheriff Stolle "personally denied or delayed plaintiff's access to medical care or interfered with the treatment once prescribed." *Harrison v. Osborne*, No.87-222-N, 1987 U.S. Dist. LEXIS 8462, *8 (E.D.Va. Sept. 15, 1987)

Rather, plaintiff's allegations relate only to his interactions with and requests of Dr. Jamaludeen, and his disagreement with Dr. Jamaludeen's medical decisions. In other words, plaintiff attempts to impose liability on Sheriff Stolle for an alleged constitutional violation because of his position as Sheriff and based entirely on *respondeat superior*. It is axiomatic that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676 (citations omitted). On this basis, plaintiff's constitutional claim against Sheriff Stolle must be dismissed.

### D.    Sheriff Stolle is not a Healthcare Provider under the Virginia Medical Malpractice Act

Plaintiff asserts Virginia tort claims in Counts II–V against Sheriff Stolle based on both direct and *respondeat superior* liability. (Dkt. 1, ¶ 9). Plaintiff's claims for negligence, gross

---

Claims arising pre-conviction, when plaintiff was a pre-trial detainee, arise under the Fourteenth Amendment. Claims arising post-conviction, arise under the Eighth Amendment. The constitutional protections are co-extensive. *See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992).

negligence, negligent infliction of emotional distress, and willful and wanton disregard, no matter how titled, are medical negligence claims. Under the Virginia Medical Malpractice Act (VMMA"), Va. Code §§ 8.01-581.1 et seq., plaintiff cannot state a medical negligence claim against Sheriff Stolle, who is not a healthcare provider.

Virginia law defines "malpractice" as "any tort action ... based on health care … which should have been rendered, by a health care provider, to a patient." Va. Code § 8.01-581.1. Here, plaintiff's tort claims are based on healthcare that he believes should have been rendered. Further, § 581.1 sets forth that a health care provider means "a person … licensed by this Commonwealth to provide health care of professional services as a physician or hospital, dentist, pharmacist, registered nurse or licensed practical nurse … ." The statute does not include within its definition of "health care provider" jail officers or administrators not licensed to provide health care, thus precluding a malpractice action against a non-medical jail officer such as Sheriff Stolle.

In *Quigley v. McCabe*, No. 2:17cv70, 2017 U.S. Dist. LEXIS 141408 (Aug. 30, 2017), the plaintiff alleged, *inter alia*, a claim for medical negligence against a Virginia sheriff. This Court dismissed the claim, finding that the sheriff was not a healthcare provider under the VMMA. *Id.* at * 12 (quoting *Quigley v. McCabe*, 91 Va. Cir. 397, 399 (Norfolk 2015), noting "that the 'sheriff and the jailor have a duty to make medical care available to the prisoner; the physician has the duty to render it.' … Additionally, 'a physician has a duty to use the degree of skill and diligence in the care and treatment of his patient that a reasonable prudent physician in his field of practice would have used in the circumstances … A sheriff can have no such duty."). *See* Va. Code §8.01-581.20; *Reed v. Church*, 175 Va. 284 S.E.2d 295 (1940). "

Plaintiff has no basis upon which to impose direct liability on Sheriff Stolle for negligence, gross negligence, willful and wanton negligence, or negligent infliction of emotional distress. Counts II – V must be dismissed as a matter of law.

### E.    Sheriff Stolle Cannot Be Vicariously Liable for the Alleged Negligence of Dr. Jamaludeen

Likewise, Sheriff Stolle cannot be held vicariously liable for the medical negligence of a statutorily defined healthcare provider.  In *Peck v. Tegtmeyer*, 834 F. Supp. 903 (W.D.Va. 1992), aff'd, No. 92-2412, 1993 U.S. App. LEXIS 22951 (4th Cir. Sept. 8, 1993), a medical malpractice action brought pursuant to Virginia law, the court rejected the plaintiff's attempt to hold an attending radiologist responsible for the functioning of x-ray equipment and the performance of assisting physicians.  The Court held in part that:

> [T]he Virginia Medical Malpractice Act, Va. Code §§ 8.01-581.1-.20, is a comprehensive system constructed by the Virginia General Assembly to process medical malpractice claims.  Under the Act, claims may be brought against any "health care provider" … The act contains no provision for vicarious liability, and the breadth of the statutory scheme suggests that none is intended.

*Id*. at 907.[3]

In *Quigley v. McCabe*, 2017 U.S. Dist. LEXIS 141408, * 12, this Court cited *Peck* in holding that the VMMA does not contain a provision for vicarious liability and dismissing a negligence claim against the sheriff.

---

[3] The *Peck* court noted further that "traditional vicarious liability principles still apply so that, for example a hospital might be held liable for the negligence of its employees under a master-servant theory." *Id*. at 907 n. 3.  *See Naccash v. Burger*, 223 Va. 406, 418-19, 290 S.E.2d 825, 832 (1982) (citation omitted) (noting four factors to determine the existence of a master-servant relationship: selection and engagement; compensation; power of dismissal; and power of control).  Here, traditional master-servant principles do not apply to impose vicarious liability.  Sheriff Stolle is permitted by Virginia law to hire and rely on a medical subcontractor to provide healthcare to inmates.  *See* Minimum Standards for Jails and Lockups, 6 VAC15-40-320 ("A licensed physician shall supervise the facility's medical and health care services.  Facilities that contract with private medical facilities or vendors shall maintain a current copy of the agreement, unless employed by the facility.").

In *Costine v. Correct Care Sols., LLC,* No. 2:19cv53, 2019 U.S. Dist. LEXIS 110916 (E.D.Va. July 2, 2019), the Court dismissed a medical negligence claim against a Virginia jail authority based on the actions of its medical contractor. In doing so, the Court rejected the plaintiff's argument that the VMMA did "not preclude his negligence claim against [the jail authority] because such claim is not based on the negligent *rendering* of health care services but rather on [the authority's] lack of supervision of such services." "*Id*. at *15 (emphasis in original). " Citing *Peck* and *Quigley*, the Court noted once again, "that the VMMA does not recognize respondeat superior liability." *Id*. at *16. *See Jenkins v. Woody*, No. 3:15cv355 (E.D.Va. Dec. 11, 2015) (Doc. 50) (order dismissing medical negligence claim against Virginia sheriff based on sheriff's alleged vicarious liability for acts and omissions of defendant nurse and doctor).

Thus, absent a legal basis for imposing vicarious liability on Sheriff Stolle for the alleged medical negligence of Dr. Jamaludeen, Counts II-V against Sheriff Stolle must be dismissed on this basis as well.

## III.    CONCLUSION

For these reasons, defendant Sheriff Ken Stolle respectfully requests this Court to dismiss plaintiff's Complaint, with prejudice.

SHERIFF KEN STOLLE


By: _____/s/_____
                    Of Counsel

Jeff W. Rosen, Esq., VSB No. 22689
Lisa Ehrich, Esq., VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Stolle*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of September 2023, I will electronically file the foregoing ***Memorandum of Law in Support of Defendant Stolle's Motion to Dismiss*** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Blake A. Weiner, Esq. (VSB #94087)
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Phone: (804) 482-1465
bweiner@blakeweinerlaw.com
*Counsel for Plaintiff*

_____
                    /s/
Jeff W. Rosen, Esq., VSB #22689
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
*Counsel for Stolle*
