**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| BRYCE MARL, | ) | |
| | ) | |
| Plaintiff        , | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:23cv171 |
| | ) | |
| KEN STOLLE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ABDUL JAMALUDEEN, MD'S MEMORNADUM IN SUPPORT**
**OF PARTIAL MOTION TO DISMISS**

Defendant Abdul Jamaludeen, MD, ("Dr. Jamaludeen"), by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and other applicable law, moves to dismiss in part the claims asserted against him in Plaintiff's Amended Complaint [ECF No. 48]. Dr. Jamaludeen moves to dismiss (1) the claims that are barred by the applicable statutes of limitation; (2) the claims for *respondeat superior*; (3) Plaintiff's claims of vicarious liability; (4) Plaintiff's claims for punitive damages; and – although not specifically pled in the Amended Complaint, to the extent Plaintiff attempts to assert them – supervisory liability.

## I.        Introduction and Background

Bryce Marl ("Mr. Marl" or "Plaintiff"), formerly incarcerated at Virginia Beach Correctional Center ("VBCC"), alleges he sustained injuries in a car accident on August 7, 2020. (ECF No. 48 at p. 1, ¶ 14). Plaintiff contends that following the accident, he requested medical attention and assistance for back pain, but "Defendant Abdul Jamaludeen ("Defendant Jamaludeen") – under the direction and supervision of Defendant Ken Stolle ("Defendant Stolle"), were deliberately indifferent to Mr. Marl's condition, and completely ignored his

worsening pain and injuries." *Id*. at p. 1.  Plaintiff claims he requested and was denied an MRI, a consultation with a back specialist, sufficient pain medication, physical therapy, a back brace, a soft mat, and a special chair.  *Id*. at ¶¶ 22-24, 29, and 31-32.  Plaintiff further claims that when he "expressed his pain and issues" to Dr. Jamaludeen, Dr. Jamaludeen simply asked when he was leaving, told him the x-rays showed no damage, and told him he would be fine.  *Id*. at ¶ 21.  Upon information and belief, Plaintiff was transferred from VBCC on March 10, 2022, and remains incarcerated at a Department of Corrections facility.

## II.    Argument

### A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss.

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  "[I]n considering a motion to dismiss a complaint for its 'failure to state a claim upon which relief can be granted,' a court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true." *Storey v. Patient First Corp.*, 207 F. Supp. 2d 431, 439-40 (E.D. Va. 2002) (*quoting* Fed. R. Civ. P. 12(b)(6)).  This Partial Motion to Dismiss should be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556); *see*

2

*also* Fed. R. Civ. P. (8)(a)(2).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001). Rather, Plaintiff's factual allegations must be sufficient to raise a right for relief above the speculative level. *Twombly*, 550 U.S. at 544. A court need not accept Plaintiff's "unwarranted deductions," "rootless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations." *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (affirming dismissal, stating that complaint was "replete" with conclusory assertions nevertheless "lack[ed] specific allegations"); *see also Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994) (affirming dismissal for failure to state a claim under Rule 12(b)(6) because a court treating a plaintiff's factual allegations as true "is not bound with respect to the complaint's legal conclusions").

 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Therefore, in order for Plaintiff's Amended Complaint to survive dismissal for failure to state a claim, Plaintiff must "allege facts sufficient to state all the elements of [his] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

### B. Plaintiff's only allegations against Dr. Jamaludeen are conclusory.

Throughout his Amended Complaint, Plaintiff conflates Dr. Jamaludeen with "medical staff" and/or, simply, "medical", making sweeping, conclusory allegations that fail to raise a right to relief against Dr. Jamaludeen. For example, Plaintiff alleges he "requested medical attention and assistance in numerous instances at VBCC – reaching approximately twenty times

– and filed multiple grievances, but neither Defendant Jamaludeen, the VBCC, nor its staff, did anything." *Id.* ¶ 20. Plaintiff does not specify that he requested attention and assistance *from Dr. Jamaludeen*, or that *Dr. Jamaludeen* reviewed grievances submitted by Plaintiff and chose not to respond. Plaintiff claims he "was denied further testing with an MRI" and "was never allowed to see a back specialist"; but that each of his requests "was denied." *Id.* ¶¶ 22, 24, 30. Conspicuously missing from these allegations is any relationship between those allegations and Dr. Jamaludeen. Plaintiff does not allege, in other words, that *Dr. Jamaludeen* was the actor behind any of these denials.

Plaintiff cites one example of conduct by medical staff that occurred "through the reports of Defendant Jamaludeen." *Id.* ¶ 26. Plaintiff claims he submitted a grievance about "excruciating pain" and "[t]he response he received from VBCC, *through the reports of Defendant Jamaludeen*, was, 'You are currently prescribed three medications for pain relief. You are seen by the medical provider regularly to monitor your condition. You are scheduled for follow up with the MD and you may discuss treatment options at that visit.'" *Id.* (emphasis added). This is Plaintiff's only allegation suggesting the conduct of medical staff occurred at the direction of Dr. Jamaludeen, and even still, the ambiguity of the allegation leaves much to be desired.

### C. Plaintiff's federal claims are limited by the two-year statute of limitations.

Plaintiff filed his original Complaint on April 24, 2023, and his Amended Complaint on April 5, 2024. [ECF Nos. 1, 48]. To the extent he alleges any federal claims against Dr. Jamaludeen that accrued before April 24, 2021, those claims are barred by the two-year statute of limitations. Plaintiff claims his injuries stem from an automobile accident that occurred on August 7, 2020. *Id.* at p. 1, ¶ 13-14. Throughout the Amended Complaint, Plaintiff makes undated, generalized allegations against "Defendants" and "VBCC and its staff, specifically Defendant Jamaludeen." For example, Plaintiff asserts, "Since Mr. Marl's August 7, 2020,

accident, Mr. Marl requested medical attention and assistance in numerous instances at VBCC – reaching approximately twenty times – and filed multiple grievances, but neither Defendant Jamaludeen, the VBCC, nor its staff, did anything to assist Mr. Marl with his pain or medical condition." *Id.* at ¶ 20. Additionally, Plaintiff alleges that "when [he] submitted a written grievance or complaint that he was not being provided adequate medical care by Defendant Jamaludeen or medical staff at VBCC, numerous different staff members at VBCC would essentially respond to Mr. Marl: take it up with medical." *Id.* at ¶ 34. The only reference to timing Plaintiff makes in relation to Dr. Jamaludeen is the allegation – identical to the allegation in the original Complaint – that "around August 2021," Plaintiff expressed to Dr. Jamaludeen that his pain was increasing, and Dr. Jamaludeen "remove[d] half of [Plaintiff's] pain medication." *Id.* at ¶ 23. None of the other allegations against Dr. Jamaludeen are dated.

The two-year statute of limitations applicable to federal claims precludes Plaintiff from pursing his deliberate indifference claims against Dr. Jamaludeen, to the extent Plaintiff claims such unconstitutional conduct prior to April 24, 2021. Because § 1983 does not provide its own statute of limitations, courts borrow the personal injury statute of limitations from the relevant state. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *Demuren v. Old Dominion Univ.*, 33 F. Supp. 2d 469, 476 (E.D. Va. 1999). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code § 8.01-243(A) ("[E]very action for personal injuries, whatever the theory of recovery, … shall be brought within two years after the cause of action accrues.").

Plaintiff was required to bring any § 1983 claim within two years of its accrual. A claim accrues when the plaintiff becomes aware of his or her injury or is put on notice to make a reasonable inquiry if a claim exists. *See United States v. Kubrick*, 444 U.S. 11, 123 (1979);

*Nasim*, 64 F.3d at 995. Therefore, the Court must dismiss any deliberate indifference claims against Dr. Jamaludeen that relate to Dr. Jamaludeen's actions between August 7, 2020, (the date of the alleged accident) and April 23, 2021, (the date of filing of the original Complaint [ECF No. 1]).

### D.    Plaintiff's State Claims are Limited by the One-Year Statute of Limitations.

Plaintiff's state law claims of gross negligence, negligence, and willful and wanton disregard for Plaintiff's rights, are subject to a one-year statute of limitations. Virginia requires an inmate confined in a state or local correctional facility to bring any personal action relating to the conditions of his confinement within a year after the cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later. Va. Code Ann. §8.01-243.2; *See Bing v. Haywood*, 283 Va. 381, 385, 722 S.E.2d 244, 246 (2012); *Billups v Carter*, 268 Va. 701, 604 S.E.2d 414 (2004). The Virginia Supreme Court held this limitation period applies even if a "plaintiff is no longer incarcerated at the time she files her action relating to conditions of her confinement." *Lucas v. Woody*, 287 Va. 354, 361, 756 S.E.2d 447, 450 (2014).

Based on the Virginia Supreme Court's decisions, federal courts in the Fourth Circuit have consistently dismissed inmate personal injury actions as time-barred under § 8.01-243.2. For instance, in *Gemaehlich v. Johnson*, No. 7:12cv00263, 2013 U.S. Dist. LEXIS 20147 (W.D. Va. Nov. 21, 2013), aff'd, 599 Fed. Appx. 473 (4th Cir. 2014) (unpublished) (per curiam), the plaintiff, a former pretrial detainee, raised state law assault and battery claims, and federal claims arising from an allegedly improper use of force incident. The district court dismissed the state law claims brought almost seven months after § 8.01-243.2's one-year limitations period as time barred. The Fourth Circuit affirmed. Likewise, in *Harris v. Commonwealth*, No. 3:07CV701,

2008 U.S. Dist. LEXIS 33834 (E.D. Va. Apr. 23, 2008), this Court dismissed state law claims brought by a pretrial detainee for assault and battery, grossly negligent hiring and retention, and gross negligence, arising from an altercation with guards. Where the plaintiff filed his complaint several months after the one-year limitations period ran, his state law claims were held time-barred under § 8.01-243.2. *See also Cashion v. Jacklee*, No. 5:17-CV-00004, 2017 U.S. Dist. LEXIS 185749 (W.D. Va. Nov. 8, 2017) (dismissing state law claim related to regional jail's refusal to provide antipsychotic medication brought one and one-half months late); *Rivera v. D.O.C. Health Serv. Dir.*, No. 7:15CV00205, 2016 U.S. Dist. LEXIS 128564 (W.D. Va. Sept. 21, 2016) (dismissing state law claims of negligence, intentional infliction of emotional distress, and abuse of process related).

Thus, based on the one-year statute of limitations, any claims of alleged tortious conduct arising before April 24, 2021, are time barred. Plaintiff did not file any such claims within one-year after the alleged causes of action accrued – from August 2020, through March 10, 2022, (the date on which he was released from VBCC). Therefore, Plaintiff's state-law tort claims are untimely.

**E.    Plaintiff's Attempted Supervisory Claims Fail.**

To the extent Plaintiff alleges supervisory liability against Dr. Jamaludeen, that claim fails. Under 42 U.S.C. § 1983, "the principle is firmly entrenched that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted). As the Supreme Court has observed, "the term 'supervisory liability' is a misnomer" as the supervisor is not called to "answer for the torts of [his or her subordinates]" but for "his or her own misconduct." *Iqbal*, 556 U.S. at 677. Liability is not premised upon *respondeat superior* but

upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372-373 (4th Cir. 1984); (citation omitted); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) ("[W]hen supervisory liability is imposed, it is imposed against the supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates.").

To state a claim for "supervisory liability" under 42 U.S.C. § 1983, a plaintiff must allege facts which, if proved, would establish each of these three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799 (citations and internal quotations omitted). To qualify as "pervasive," a plaintiff must demonstrate that the challenged "conduct is widespread, or at least has [occurred] on several different occasions." *Id.* (quoting *Slakan*, 737 F.2d at 373). It is not sufficient, therefore, to "point[] to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence" or "guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id.*

Here, Plaintiff alleges no facts to establish any of the three elements of a supervisory liability claim against Dr. Jamaludeen. *See* ECF No. 48 at ¶¶ 40-46. Plaintiff does not allege the existence of any policy promulgated by Dr. Jamaludeen that medical staff failed to follow. In fact, Plaintiff does not identify *any* policies, practices, or customs purporting to establish a

"pattern of deliberate indifference" from which Dr. Jamaludeen's actual or constructive knowledge might be inferred. *See Riddick v. Watson*, 503 F. Supp. 3d 399, 423 (E.D. Va. 2020) (finding that plaintiff's allegation "that [the supervisor] must have knowledge of such prior [inmate patient deaths]" amounted to nothing more than speculation "grounded in 'naked assertion[s] devoid of further factual enhancement.'") (quoting *Iqbal*, 556 U.S. at 678).

Because Plaintiff has not alleged that Dr. Jamaludeen employed the "medical staff" or "medical" at VBCC, or that he sanctioned or engaged in any conduct that violated any constitutionally protected right, he has failed to state a claim against Dr. Jamaludeen for supervisory liability. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff's allegations, devoid of factual support, are simply "conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. For these reasons, this Court should grant Defendant's Motion to Dismiss any claims of supervisory liability.

### F.    Plaintiff's Punitive Damages Claim Fails as a Matter of Law.

Punitive damages are "an extraordinary remedy ... designed to punish and deter particularly egregious conduct." *Stephens v. South Atlantic Canners, Inc.*, 848 F.2d 484, 489 (4th Cir. 1988). Punitive damages are allowable "only when there is misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others. But where the act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment cannot be awarded, and compensatory damages only are permissible." *Baker v. Marcus*, 201 Va. 905, 909, 114 S.E.2d 617, 621 (1960).

"A claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton." *Huffman v. Love*, 245 Va. 311, 314, 427 S.E.2d 357, 359-60 (1993). Further,

"[p]unitive damages may be awarded if a defendant acted with actual malice or such willful or wanton recklessness as to evince a conscious disregard for the rights of others." *Flippo v. CSC Assocs. III, LLC*, 262 Va. 48, 60, 547 S.E.2d 216, 223 (2001). Each case raising an issue concerning the sufficiency of a claim of willful and wanton negligence must be evaluated on its own facts. *Alfonso v. Robinson*, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999).

Plaintiff's claims for punitive damages fail. The Amended Complaint is devoid of any alleged conduct evincing malice; sinister, or corrupt motives such as hatred, personal spite, ill will, or a desire to injure the Plaintiff. Plaintiff interacted with medical staff and Dr. Jamaludeen on multiple occasions, demonstrating a consistent pattern of treatment responsive to his medical condition. There are no allegations that Dr. Jamaludeen based any of his medical determinations for treatment or care on ill will towards Plaintiff, or that Dr. Jamaludeen withheld care or treatment to cause Plaintiff harm. Because Plaintiff has failed to state a plausible cause of action against Dr. Jamaludeen pursuant to 42 U.S.C. § 1983 or gross negligence, his request for an award of punitive damages fails.

Accordingly, his request for an award of punitive damages should be stricken from the Complaint with prejudice.

### III.    Conclusion

WHEREFORE, for the reasons cited herein, Defendant Abdul Jamaludeen, MD, respectfully requests this Court grant his Partial Motion to Dismiss and dismiss with prejudice the following claims:

1. Claim I – Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Eighth & Fourteenth Amendment – to the extent this claim involves conduct from August 7, 2020, through April 23, 2021;

2. Claims II and III – Negligence & Gross Negligence – to the extent these claims involve conduct from August 2020, through March 10, 2022;

3.  Claim IV – Willful and Wanton Negligence – to the extent this claim involves conduct from August 2020, through March 10, 2022.

<div style="margin-left:40%">

**Respectfully Submitted,**

**ABDUL JAMALUDEEN, MD**


/s/ Katherine E. Schwieder
Taylor D. Brewer (VSB No. 82041)
Katherine E. Schwieder (VSB No. 94898)
**MORAN REEVES & CONN PC**
1211 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 864-4842
Facsimile: (804) 421-6251
tbrewer@moranreevesconn.com
kschwieder@moranreevesconn.com
*Counsel for Dr. Jamaludeen*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2024, I electronically filed the foregoing pleading using the CM/ECF System, which will send notifications of the filing to all counsel of record:

Blake A. Weiner, Esq. (VSB No. 94087)
Blake Weiner Law, PLLC
1806 Summit Avenue, Suite 300
Richmond, Virginia 23230
Phone: 804.482.1465
bweiner@blakeweinerlaw.com
*Counsel for Plaintiff*

Jeff W. Rosen, Esq. (VSB No. 22689)
Pender & Coward, PC
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: 757.490.0653
jrosen@pendercoward.com
*Counsel for Stolle*

/s/ Katherine E. Schwieder
Taylor D. Brewer (VSB No. 82041)
Katherine E. Schwieder (VSB No. 94898)
**MORAN REEVES & CONN PC**
1211 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 864-4842
Facsimile: (804) 421-6251
tbrewer@moranreevesconn.com
kschwieder@moranreevesconn.com
*Counsel for Dr. Jamaludeen*